IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRAIN MURREN<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., d/b/a Sam's Club; WAL-MART STORES, INC., d/b/a WAL-MART; and SAM'S EAST, INC., d/b/a SAM'S CLUB<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>Civ. No. _____ |

## COMPLAINT

Plaintiff, Adrain Murren, by his counsel, Mobilio Wood, brings this action against Defendants, Wal-Mart Stores, Inc., d/b/a Sam's Club; Wal-Mart Stores, Inc., d/b/a Wal-Mart and Sam's East, Inc., d/b/a Sam's Club. Plaintiff alleges upon knowledge as to himself and his own acts, and otherwise upon information and belief, as follows:

## PARTIES

1. Plaintiff, Adrain Murren ("Plaintiff Murren") is an adult individual and permanent resident of the United States of America.

2. Defendants, Wal-Mart Stores, Inc., d/b/a Sam's Club; Wal-Mart Stores, Inc., d/b/a Wal-Mart and Sam's East, Inc., d/b/a Sam's Club ("Sam's Club Defendants", or "Company") are individual corporate entities and/or related

corporate entities that maintain a retail store located at 5314 Allentown Pike, Temple, PA 19560 (hereinafter the "Store").

3. At all times relevant and material herein, Defendants acted by and through their agents, servants, and employees, each of whom acted in the course and scope of their employment with and for the Company.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

5. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

6. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff Murren is a black male of Black Caribbean ethnicity.

8. On January 11, 2019, Plaintiff Murren, his wife and their 10-year-old daughter, were shopping at the Store in Temple, PA.

9. The Store is owned and operated by Sam's Club Defendants.

10. Upon arrival at the Store, Plaintiff Murren and his daughter approached the Store's cafe to get something to eat and drink.

11. A Caucasian male employee of the Store, whose name is unknown, was working at the café.

12. Plaintiff's daughter asked the gentleman for a slice of pizza for herself and an orange juice for her father.

13. Plaintiff then removed some money from his person in an attempt to enter into a contract for the purchase of goods and services from the Defendants and placed the money on the counter in front of the employee.

14. In response, the Store's employee looked at both Plaintiff Murren and Plaintiff's daughter and advised that "We don't sell orange juice".

15. The statement was clearly a lie as not only does the Store advertise on its website that it specifically sells "Dole Orange Juice" but Plaintiff Murren could clearly see the orange juice in the cooler behind the employee.

16. Plaintiff again asked to be sold the orange juice, noting that he could see the orange juice in the cooler behind the employee.

17. The employee angrily responded, "Do you want orange soda? Because we don't sell orange juice".

18. Plaintiff Murren replied, "I don't want orange soda, I want to buy orange juice, they are right there" and pointed toward the refrigerator case.

19. The Caucasian employee did not respond or accommodate Plaintiff Murren's request, rather he angrily stared at Plaintiff Murren whose daughter was close beside him.

20. Plaintiff Murren then walked over to the refrigerator case, retrieved the orange juice and placed it on the counter in front of the employee.

21. Plaintiff Murren then quietly stated to his daughter, "Is this a joke?" to which the Caucasian employee interrupted, yelling "Are you calling me a joke? Look at your fucking hair, that is a fucking joke", in reference to Plaintiff's dreadlocks which Plaintiff displays as part of his Black Caribbean ethnicity.

22. The Caucasian employee then went on expletive laden rant about Plaintiff Murren and his daughter's skin color, race and ethnicity by referring to Plaintiff Murren and his daughter as, "You black fucker", and a "Fucking Rastafarian".

23. Plaintiff Murren's daughter looked on in horror, began shaking and crying and then ran to her mother for comfort.

24. Numerous other shoppers and employees of the Store also looked on as the Caucasian employee berated Plaintiff Murren and his daughter.

25. At no point in time during the encounter did the Caucasian employee complete Plaintiff's requested transaction to purchase the orange juice, thereby preventing Plaintiff from ever forming a contract for the orange juice with the Defendants.

26. Upon information and belief, had Plaintiff been of a different skin color, race and/or ethnicity, Defendants would have completed Plaintiff's requested transaction.

27. In fact, on numerous occasions prior to the incident, Plaintiff Murren witnessed Defendants conduct transactions and form retail contracts with white customers.

28. On the occasions that Plaintiff Murren witnessed Defendants conduct transactions and form retail contracts with white customers, Defendants did not require that those white customers retrieve their own food or drink from Defendants' refrigerator cases.

29. By denying Plaintiff the opportunity to contract for Defendant's goods and services, but granting white customers the opportunity to contract for Defendant's goods and services, Defendant violated 42 U.S.C. §1981.

30. In addition, or in the alternative, by placing additional conditions on Plaintiff, that it did not place on white customers, in order to contract with Defendants, to wit, Plaintiff being forced to retrieve his own goods from Defendants' refrigerator case as opposed to Defendants' employee retrieving said goods, Defendant violated 42 U.S.C. §1981.

## COUNT I

**Violation of 42 U.S.C. §1981
Denial of Equal Rights Under the Law
(Plaintiff v. Defendants)**

31. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

32. 42 U.S.C. §1981 confers on all persons the right to "make and enforce contracts" and "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981(a) and (b).

33. The Plaintiff was a member of a protected class of persons and Defendants treated similarly situated individuals outside of the protected class differently in forming contracts for the purchase of goods and services with them, thereby evidencing purposeful discrimination against the Plaintiff.

34. Defendants' refusal to contract with Plaintiff was accompanied by racially-charged insults, thereby evidencing purposeful discrimination against the Plaintiff.

35. In addition, or in the alternative, Defendants' placing of additional conditions on Plaintiff in order to contract with Defendants, to wit, Plaintiff being forced to retrieve his own goods from Defendants' refrigerator case as opposed to Defendant's employee retrieving said goods, which was accompanied by racially-charged insults, evidences purposeful discrimination against the Plaintiff.

36. By requiring that Plaintiff retrieve his own drink but not requiring white customers to do so, adversely affected the basic terms and conditions of Plaintiff's contract, which directly implicated his right to contract and to enjoy all benefits, privileges, terms and conditions of the contractual relationship.

37. Defendants violated 42 U.S.C. §1981.

38. In the actions described above, the Defendants intended to and did deprive the Plaintiff of rights protected by the Constitution of the United States of America, on account of Plaintiff being a member of a racial minority and/or being of Black Caribbean ethnicity.

39. The Plaintiff suffered harm due to the Defendants' violations of his Constitutional rights with the intent to deprive him of rights enjoyed by white citizens.

40. Due to its legislative history and emphasis on equal treatment under the law, Section 1981 is designed to provide a remedy where, as here, discrimination based upon race or ethnicity is presented as an element of the claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that a judgment be entered in their favor and against Defendants in the following respects:

a) An order awarding damages on all counts herein, including punitive damages;

b) An order awarding attorneys' fees and expenses on all counts herein;

c)   Pre-judgment interest; and

d)   All other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**MOBILIO WOOD**

Date: 2-16-21            BY: *s/ Matthew Mobilio*
                             Matthew Mobilio, Esq. (I.D. No. 209439)
                             609 W. Hamilton St., Suite 301
                             Allentown, PA 18101
                             Phone: (610) 882-4000
                             Fax: (866) 793-7665
                             matt@mobiliowood.com